IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

GLORIA BRYANT                                                                                          PLAINTIFF

V.                           CASE NO.: 3:14CV00189 BD

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff Gloria Bryant has appealed the final decision of the Commissioner of the Social Security Administration denying her claim for disability insurance benefits. Both parties have submitted appeal briefs, and the case is ready for decision.[1]

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also 42 U.S.C. §§ 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence in this appeal, the Court has considered evidence that detracts from the Commissioner's decision as well as evidence that supports it.

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge. (Docket #4)

Ms. Bryant alleged she became limited in her ability to work by generalized pain, degenerative disc disease, depression, and anxiety. (SSA record at pp. 53, 56) After conducting an administrative hearing, the Administrative Law Judge[2] (ALJ) concluded that Ms. Bryant had not been under a disability within the meaning of the Social Security Act at any time through May 7, 2013, the date of his decision. (*Id*. at 20) On June 24, 2014, the Appeals Council denied the request for review of the ALJ's decision, thus making the ALJ's decision the final decision of the Commissioner. (*Id*. at 1-3) Ms. Bryant then filed her complaint initiating this appeal. (Docket #2)

Ms. Bryant was 50 years old at the time of the hearing. (SSA record at 32) She is a high school graduate with three-and-a-half years of college credits. (*Id*.) At the time of the hearing, she lived by herself. (*Id*. at 35) She had past relevant work as a cashier and door greeter at Wal-mart. (*Id*. at 32-33)

The ALJ found that Ms. Bryant had not engaged in substantial gainful activity since June 24, 2008, the alleged onset date and that she met the insured status requirements through December 31, 2013. (*Id*. at 9, 11) He found that Ms. Bryant had severe impairments: degenerative back problems, fibromyalgia, hypertension, diabetes mellitus, obesity, and anxiety. (*Id*. at 11) He found that she did not have an impairment or combination of impairments that met or equaled a listed impairment. (*Id*. at 11-13) He

---

[2]The Honorable Don Curdie.

judged that Ms. Bryant's allegations regarding the intensity, persistence, and limiting effects of her symptoms were not totally credible.  (*Id*. at 13-18)

Based on these findings, the ALJ concluded that Ms. Bryant retained the residual functional capacity for light work in a setting where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, with few variables, little judgment, and the supervision required is simple, direct and concrete.  (*Id*. at 13)

Based on testimony from a vocational expert (VE), the ALJ concluded that Ms. Bryant could perform her past relevant work as a door greeter and hand packer but could also perform other jobs that existed in significant numbers in the national economy.[3]  (*Id*. at 19-20)  Thus, the ALJ concluded that Ms. Bryant was not disabled. (*Id*. at 20)

**Residual Functional Capacity**

Ms. Bryant complains the ALJ erred by finding she could perform light work in the face of her pain level.  Specifically, she argues that the ALJ wrongly based his determination on her activities of daily living.  (Docket entry #11 at p. 28)

To evaluate Ms. Bryant's credibility, the ALJ followed the required two-step process and considered the required factors.[4]  (SSA record at pp. 17-29)  See *Policy*

---

[3] The VE identified two jobs that a person with Ms. Bryant's limitations could perform – factory hand packer and housekeeper.  (*Id*. at 20)

[4] In considering the credibility of a claimant's subjective complaints, an ALJ must consider: (1) the claimant's prior work record; (2) observations by third parties and treating and examining physicians relating to such matters as: (a) the claimant's daily

*Interpretation Ruling Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*, SSR 96-7p (July 2, 1996).  Thus, the question before the court is whether substantial evidence supports the ALJ's evaluation of Ms. Bryant's credibility.

The ALJ may discount a claimant's complaints of pain if they are inconsistent with the evidence as a whole.  *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001); *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).  Here, the ALJ acknowledged Ms. Bryant's complaints of severe pain and inability to walk, sit, and stand for any length of time; but he found that the medical records did not support her complaints.  SSA record at 14-15.  There is substantial evidence to support the ALJ's determination.

Darrell Hutchison, M.D., who treated Ms. Bryant during the relevant time period, noted Ms. Bryant's complaints of pain but did not report abnormal clinical findings.  He consistently reported that Ms. Bryant's appearance was good; she was in no acute distress; and she had no clubbing or edema in her extremities.  (*Id.* at 243, 245-46, 267-68, 270-71, 273-75, 430–34, 438-41, 448-49, 512, 579-80, 585-86, 590-91, 749-50, 753)  He diagnosed fibromyalgia but treatment records do not reflect tenderness or pain upon pressure to confirm his diagnosis.  (*Id.*)

---

activities; (b) the duration, frequency and intensity of the pain; (c) precipitating and aggravating factors; (d) dosage, effectiveness and side effects of medication; and (e) functional restrictions.  *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

Ms. Bryant's other treating physicians noted that she had normal mobility, steady gait, a lack of neurological deficits, no deformities, and full joint motion in all extremities. *Id*. at 350-51, 358, 406, 361, 365, 407, 425, 538-39. Sunil Gera, M.D., who treated Ms. Bryant for pain, noted that she walked with a normal gate and showed no trigger points of muscle spasms in her spine. *Id*. at 666, 664.

Three Magnetic Resonance Images of Ms. Bryant's lumbar spine from February, 2009, November, 2011, and October, 2013, showed mild degenerative changes but no severe stenosis and no nerve root compression. *Id*. at 239, 524, 738. A nerve conduction and electromyography study performed in September of 2013, revealed no abnormality and only moderate tenderness and restriction in her range of motion. *Id*. at 664.

Jerry Thomas, M.D., the state agency physician who reviewed Ms. Bryant's medical evidence, concluded that Ms. Bryant retained the ability to perform light work. *Id*. at 488-95. Robert Redd, M.D., reviewed the medical evidence and agreed with Dr. Thomas's assessment. *Id*. at 531.

The ALJ reviewed Ms. Bryant's medical records in detail and determined that the medical evidence as a whole did not support the degree of limitation alleged by Ms. Bryant. *Id*. at 14-18. Substantial evidence supports his determination.

In addition to the medical evidence, the ALJ also properly evaluated Ms. Bryant's activities of daily living. Ms. Bryant reported being able to do only light housework, but the record reveals tht she was able to live alone, shop in stores, pay her bills, handle her

checking account, drive to California, and attend college as a full-time student. *Id*. 174, 304, 310, 410, 538, 574, 675, 678.

The ALJ also considered the effectiveness of her medications in treating her impairments. On several occasions, treating sources reported that Ms. Bryant was doing well on her medications. *Id*. at 245, 238, 406, 430, 441, 538, 563-65, 579, 590, 628, 646, 675, 753, 758. While Ms. Bryant contends that the sedating effects of her medications make her unable to work, Dr. Hutchison did not note that Ms. Bryant complained of this side effect. *Id*. at 579, 585, 590. In fact, in September, 2010, he stated that Ms. Bryant reported feeling better and having more energy on Lyrica. *Id*. at 270.

There is ample evidence in the record to support the ALJ's residual functional capacity determination.

**Conclusion**

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which would support a different outcome. The test is whether there is substantial evidence, on the record as a whole, to support the ALJ's decision. *Van Vickle v. Astrue,* 539 F.3d 825, 828 (8th Cir. 2008).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to

support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401. The Commissioner's decision is not based on legal error.

The final determination of the Commissioner is AFFIRMED. The oral argument hearing scheduled for June 18, 2015, at 10:00 a.m. is canceled. Ms. Bryant's complaint is hereby dismissed with prejudice, this 3rd day of March, 2015.

_____
UNITED STATES MAGISTRATE JUDGE